## AMERICAN LAND CO. OF TEXAS v. HUTCHINSON INV. CO. et al.
### No. 8690.

Court of Civil Appeals of Texas. San Antonio. Dec. 16, 1931.

Rehearing Denied Feb. 3, 1932.

Davenport, West & Ransome, of Brownsville, for appellant.

Greenwood & Lewis, of Harlingen, for appellees.

FLY, C. J.

This suit was instituted by appellees against appellant to recover $997.50, which was alleged to be due Nelson Smith as a commission for the sale of land.

The cause was tried without a jury, and judgment was rendered for $862.50 in favor of Nelson Smith.

The following findings of fact of the trial judge are supported by the statement of facts, and are adopted by this court:

"The defendant appointed C. E. Barritt as its general agent in the Hutchinson, Kan., territory in August, 1929, agreeing to pay him a commission of 20 per cent. on all sales procured by him.

"C. E. Barritt, purporting to act for defendant, appointed Nelson Smith as an agent to sell the lands of defendants in the Kansas territory, by an informal appointment in writing on October 1, 1929, whereby Nelson Smith was to procure prospects and deliver them at Hutchinson, Kan., to C. E. Barritt, and Barritt and the defendant were to handle the prospects and try to effect sales, and Nelson Smith was to receive a commission of 7½ per cent. on all sales made to prospective purchasers procured by him.

"Pursuant to such informal contract, Nelson Smith procured C. W. Evans and wife, Laura L. Evans of Abbyville, Kan., and delivered them to Barritt. Barritt brought such prospects to the lower Rio Grande Valley, and C. W. Evans and wife, Laura L. Evans, entered into a contract to purchase lots 1, 2, and 3 of a re-subdivision of block 2 of survey 297 in Stuart place, Cameron county, Tex., at the agreed price of $11,500 without the citrus trees.

"The plaintiff wrote to this defendant on December 16, 1929, notifying the defendant of the contract made through Barritt, and asking for the commission of 7½ per cent. on the Evans deal.

"The Defendants answered said letter on December 19, 1929, stating, among other things, that Dr. and Mrs. Evans entered into a contract to purchase, but had not paid anything on the contract except for the trees. No denial was made by the defendant in this letter of the authority of Barritt to employ the plaintiff to represent the defendant in the Kansas territory. Defendant, in answer to plaintiff's inquiry in his letter of December 16th, stated that it was the understanding of the president that this contract had been approved in the last trip Mr. Barritt made to the valley. This letter was signed by O. E. Stuart, president.

"The plaintiff again wrote the defendant with reference to the commission on the 23d day of December, 1929, and the defendant replied to this letter on the 4th day of January, 1930, stating that the president was out of town, and the matter would be taken up with him as soon as he returned. This letter did not deny the commission or that Barritt had authority to employ the plaintiff.

"Dr. and Mrs. Evans consummated their contract to purchase, and received a deed late in the summer of 1930 to the above land, which was filed for record August 12, 1930, and recorded in volume 216, in pages 295, 296 of the Deed Records of Cameron county, reciting a consideration of $13,300. This deed

was from the American Land Company of Texas to C. W. Evans and Laura L. Evans of Abbyville, Kan.

"The defendant credited the full 20 per cent. commission on the Evans deal to C. E. Barritt on the 25th day of July, 1930, as shown by an original entry in its books.

"Defendant made advancements to C. E. Barritt up to and including October 16, 1929, of $1,106.25, as shown by its books.

"Defendant made advancements to C. E. Barritt up to and including December 19, 1929, of $2,251.86, as shown by its books.

"Defendant made advancements to C. E. Barritt between December 19, 1929, and March 8, 1930, of $1,206.

"Seven and one-half per cent. commission on the Evans deal is the sum of $862.50."

There is no question of law involved, but the case turns upon the facts, which amply sustain the judgment. The judgment is affirmed.